**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendant.**

No. 88 Civ. 4486 (DNE).

United States District Court,
S.D. New York.

Nov. 21, 1996.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement of an action commenced by plaintiff United States of America against, *inter alia*, defendants International Brotherhood of Teamsters ("IBT") and the IBT's General Executive Board embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through a two-phased implementation of the Consent Decree's various remedial provisions. In the first phase of the Consent Decree, these provisions provided for three court-appointed officers: the Independent Administrator to oversee the Consent Decree's provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to supervise the electoral process that led up to and included the 1991 election for International Union Office. In the second phase of the Consent Decree, the Independent Administrator was replaced by a three-member Independent Review Board ("the IRB").

Currently before the Court is an application from Dennis E. Hickey, ("Hickey"), a member of IBT Local Union 813 ("Local 813" of "the Local"), for a stay of a sworn examination before the IRB scheduled for November 22, 1996. For the following reasons, Hickey's application for a stay is denied.

### BACKGROUND

Hickey is a member of Local 813, located in New York, New York. In July 1996, the United States Attorney for the Eastern District of New York handed down a thirty-one count indictment charging Hickey and others of racketeering and mail fraud relating to the operation of certain carting business on Long Island, as well as of violating provisions of the Employee Retirement Income Security Act ("ERISA"). *United States v. Dennis C. Hickey, et al.*, CR 96–693 (E.D.N.Y. July 1996). Hickey's father, Dennis C. Hickey, his mother, and Andrew Russo, the alleged acting boss of the Columbo La Cosa Nostra Family, are also named defendants in the indictment. *Id.;* (Letter from Charles M. Carberry, Chief Investigator of the IRB, to the Honorable David N. Edelstein, United States District Judge for the Southern District of New York ("Carberry Letter") at 1 (Nov. 21, 1996).) Hickey has pleaded not guilty to the charges against him, the charges are still pending, and there currently is no schedule for trial in this matter. (Letter from Deborah A. Schwartz, Esq., to the Honorable David N. Edelstein, United States District Judge for the Southern District of New York ("Schwartz Letter") at 1 (Nov. 20, 1996).)

On November 5, 1996, Hickey received a Notice of Sworn Examination from the IRB ("the Notice") informing him that Chief Investigator Charles Carberry ("Carberry") "w[ould] conduct a sworn in-person examination of [Hickey] in accordance with the powers granted to [Carberry] pursuant to Section H, Paragraphs (3)(c) and (7) of the Rules and Procedures for Operations of the Independent Review Board for the International Brotherhood of Teamsters ("Rules")." (Notice of Sworn Examination to Dennis E. Hickey from Charles Carberry, Chief Investigator of the IRB (Nov. 5, 1996).) The Notice further informed Hickey that he had "the right to be represented by legal counsel or a member of the [IBT], of [his] choosing, at said examination," and that the examination would take place on November 19, 1996, at 2:00 p.m. *Id.* At the hearing, the Investigations Officer intended to question Hickey concerning: (1) his background and membership in the IBT and Local 813; (2) the operations of the carting business; (3) whether Hickey, as a union member, participated in a fraud with Local 813's funds; (4) whether Hickey associated with members of organized crime; and (5) "other matters the allegations in the indictment brought to light." (Carberry Letter at 2); *see* (Schwartz Letter at 1.)

At the request of Hickey's counsel, Deborah A. Schwartz, Esq. ("Schwartz"), Hickey's examination was adjourned until November 27, 1996. (Carberry Letter at 1); (Schwartz Letter at 1.) Following her request for an adjournment, Schwartz contacted the IRB and requested that "the IRB agree to stay this Examination, or to agree that Mr. Hick-

ey could resign subject to reinstatement upon a favorable resolution of the indictment." (Schwartz Letter at 1–2.) According to Schwartz, "the intention of the IRB to inquire into matters relating to the pending indictment ... obviously poses a dilemma for Mr. Hickey who must decide whether to testify about matters for which he clearly would be entitled to rely on his fifth amendment [sic] privilege, or to resign permanently from the IBT, and lose his medical coverage going forward, as well as his continuation in the pension." *Id.* The IRB declined Schwartz's requests. *Id.*

On November 18, 1996, this Court received correspondence from Schwartz seeking to ascertain the proper procedure for "submit[ting] a formal application by motion for the relief requested...." *Id.* at 2. That same day, this Court contacted both Schwartz and the IRB and ordered each to submit to this Court formal papers regarding the issue of Hickey's request to stay his sworn examination before the IRB. This Court received both Hickey's and the IRB's submission on November 21, 1996. (Letter from Deborah A. Schwartz, Esq., to the Honorable David N. Edelstein, United States District Judge for the Southern District of New York ("Schwartz Application") (Nov. 20, 1996)); (Carberry Letter.)

In support of her request that this Court stay Hickey's sworn examination before the IRB, Schwartz proffers two arguments. First, she asserts that "[s]ince Mr. Hickey is only a member of the IBT, and not an officer, we see no prejudice to the IBT if he is permitted to remain as a member while his indictment is pending since, of course, he continues to have the presumption of innocence in his favor despite the return of the indictment." (Schwartz Application at 2.) She further claims that Hickey, "as a member, does not participate in policy making or in decision making for the IBT, nor does he have any control of trust funds belonging to union members." *Id.* Schwartz also states that if Hickey is denied the stay, he will "lose the ability to maintain the IBT medical and pension benefits for the future." *Id.*

Second Schwartz argues that Hickey "should be accorded a temporary stay of the Sworn Examination in light of the fact that the IRB intends to inquire about matters relating to his pending indictment." *Id.* Schwartz asserts that Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") authorizes a court to grant a stay of a civil case or of discovery in a civil case in light of the existence of pending criminal proceedings relating to the same matter. *Id.* at 2.

In response, the IRB contends that Hickey is not legally entitled to a stay of the sworn examination scheduled for him in front of the Investigations Officer. According to the IRB, "[i]t is settled law in this context that the Fifth Amendment is inapplicable to the sworn examination sought and Hickey must appear and answer questions put to him or face the consequences of his refusal to do so." *Id.* The IRB explains that under Second Circuit case law, the IRB is not a state actor, and therefore, the Fifth Amendment protection against compulsory self-incrimination does not apply in the context of internal IBT disciplinary proceedings conducted by the IRB. *Id.* Thus, although an IBT member may invoke his Fifth Amendment privilege in response to questioning by the IRB, that invocation may both support a finding that the member brought reproach upon the IBT by obstructing the IRB's investigation, and adversely affect the individual's tenure as a union member. *Id.* at 3–4 & n. 5.

## DISCUSSION

■ The sole issue pending before this Court is whether the Fifth Amendment entitles a union member called to appear for sworn examination in conjunction with an internal union disciplinary proceeding to stay that examination pending resolution of a criminal indictment based on the same allegations as those underlying the disciplinary proceeding. The law is clear in the Second Circuit that it does not.

■ As this Court previously has noted, "[i]t is a basic principal of constitutional law that 'most rights secured by the Constitution are protected only against infringement by the Government.'" *United States v. International Bhd. of Teamsters [Simpson]*, 931 F.Supp. 1074, 1107–08 (S.D.N.Y.1996) (quot-

ing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)). "A litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action," *id.* at 1107, namely, that it was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible ... and the party charged with the [conduct] must be fairly said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982). Any allegedly constitutional claim that does not meet both of these criteria must fail. *Id.; Simpson,* 931 F.Supp. at 1107.

■ Both this Court and the Second Circuit repeatedly have held that actions taken by the IRB in the course of an internal union disciplinary action do not constitute "state action." *See, e.g., United States v. International Bhd. of Teamsters [Senese & Talerico],* 941 F.2d 1292, 1295–96 (2d Cir.1991); *Simpson,* 931 F.Supp. at 1107–08. Accordingly, any allegedly constitutional claim based on such actions is not legally cognizable.

■ This is particularly true regarding claims arising under the Fifth Amendment. This Court is well aware "that invocation of the Fifth Amendment by an IBT official or member may be interpreted 'as a shield against proper scrutiny into corrupt influence in the labor movement.'" *United States v. International Bhd. of Teamsters [Calagna],* 88 Civ. 4486, slip. op. at 13, 1991 WL 161084 (S.D.N.Y. Aug. 14, 1991). Accordingly, the refusal of *any* IBT member—whether officer or rank-and-file member—to provide sworn testimony to the IRB on Fifth Amendment grounds, supports a finding that the IBT member brought reproach on the union by obstructing the IRB's and the Investigations Officer's investigation. *Calagna,* 88 Civ. 4486, slip. op. at 6–7; *Investigations Officer v. Senese,* Opinion of the Independent Administrator, at 30 (July 12, 1990), *aff'd, United States v. International Bhd. of Teamsters [Senese],* 745 F.Supp. 908 (S.D.N.Y.1990). An IBT member's invocation of the Fifth

Amendment similarly may adversely affect his tenure as a union member. *Calagna,* 88 Civ. 4486, slip. op. at 6–7.

■ These legal principles control the instant inquiry. Because the actions of the IRB and its Investigations Officer do not constitute state action, the Fifth Amendment privilege against self-incrimination is inapplicable to Hickey as a defense against appearing before the Investigations Officer. Moreover, should Hickey elect to invoke the Fifth Amendment during his sworn examination before the Investigations Officer, this invocation will expose him to charges of bringing reproach upon the union for obstructing the IRB's and the Investigations Officer's investigation, and endanger his status as a member of the IBT. Because the Fifth Amendment is unavailable to a union member called to a sworn examination before an internal union disciplinary body, this Court finds that it does not support Hickey's request to stay the IRB examination scheduled for November 27, 1996. Accordingly, this Court finds that Hickey's request for a stay should be denied, and that Hickey should be ordered to appear for his November 27, 1996, sworn examination as scheduled.

## CONCLUSION

IT IS HEREBY ORDERED THAT the application of Dennis E. Hickey for a stay of the sworn examination scheduled before the Chief Investigator of the Independent Review Board of the International Brotherhood of Teamsters is DENIED.

IT IS FURTHER ORDERED THAT Dennis E. Hickey appear for sworn examination before the Chief Investigator of the Independent Review Board of the International Brotherhood of Teamsters on November 27, 1996.

SO ORDERED.